# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | No. 13-2331 |
| **Originating No. & Caption** | 2:07-cv-00342-MSD-LRL |
| **Originating Court/Agency** | U.S. District Court for the Eastern District of Virginia at Norfolk |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1291 | |
| Time allowed for filing in Court of Appeals | 60 days from entry of final order | |
| Date of entry of order or judgment appealed | 9/13/2013 | |
| Date notice of appeal or petition for review filed | 10/15/2013 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ☉ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 804-379-4071.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ☉ No |

01/30/2013
SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ◉ Yes | ○ No |
| Has transcript been filed in district court? | ◉ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | 08-2286 | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ◉ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

    This appeal arises out of a case brought by the United States of America against a landlord for violations of the federal Fair Housing Act, 42 U.S.C. §§ 3601-3631.  In its Complaint, the United States, which was joined by Tenants as Intervening Plaintiffs, alleged that the landlord engaged in race-based discrimination against various African American residents of an apartment complex located in Virginia Beach, Virginia.  The Tenants were at all times represented in the federal District Court – on a pro bono basis – by the law firm of Troutman Sanders LLP and by then-partner, Kevin W. Mottley ("Mottley").
    During the course of the federal housing litigation, William A. White ("White"), a nonparty and self-styled Commander of the American National Socialist Workers Party (the "American Nazi Party"), caused virulent hate mail to be sent from his then-headquarters in Roanoke, Virginia, to the Tenants.  In a letter on American Nazi Party letterhead, dated May 23, 2007, White threatened the Tenants and other African American residents of Henry's apartment complex for asserting their rights.  Accompanying the letter was a copy of an American Nazi Party magazine with filled with virulent racist and anti-Semitic articles.
    The Tenants, through their counsel, Mottley, sought to determine whether, in sending the hate mail, White acted independently of the landlord or whether there was a relevant nexus

**Nature of Case** (continued)

between White and the landlord. Thus, Mottley, acting as an attorney and officer of the court, served White with subpoenas compelling him to appear for a deposition and to produce documents and other materials. The subpoenas also included document subpoenas to various entities controlled by White (the "Nazi Entities"). Because the subpoenas were directed to White and the Nazi Entities located in or near Roanoke, Virginia, they were issued out of the U. S. Magistrate Judge for the Western District of Virginia.

On February 11, 2008, White, represented by counsel, filed two motions to quash the subpoenas and, on February 19, 2008, Mottley filed a brief in opposition to White's motions to quash. A motion to compel was also filed against White.

By hiring counsel and filing proper motions, White was proceeding in accord with the manner in which the judicial system resolves controversies. However, rather than follow the rule of law and allow the court to resolve this discovery issue, White (in addition to self-help in destroying evidence to thwart discovery) a few days later took personal action, seeking to intimidate, harass, and threaten not only Tenants, but also Tenants' counsel, Mottley, and his wife.

On Friday, February 22, 2008, White posted a message on the Vanguard News Network Forum ("Vanguard"), an internet site used frequently by those who share White's extreme, racist beliefs. Directed to members of the American Nazi Party, the message included the name and office address of Mottley, the name of Mottley's wife, their home address and phone number, as well as less than thinly-veiled threats against Mottley and his family.

On February 27, 2008, the Tenants responded by filing a motion for sanctions.

The District Court referred the matter to the U.S. Magistrate Judge, who heard argument on February 28, 2008, and conducted a hearing on April 2, 2008. On July 25, 2008, the Magistrate Judge issued an Opinion and Order denying the motion for sanctions, based on his view that White's internet postings did not constitute a "true threat" of harm under applicable case law and were, thus, constitutionally immune from sanctions. The Tenants then filed their objections to the Magistrate Judge's Opinion and Order.

After the District Court overruled those objections, the Tenants appealed that decision to this Court. On appeal, this Court found that the District Court should have conducted a *de novo* review of the Magistrate Judge's decision and remanded the case for further proceedings in accord with this Court's Mandate.

Following that remand the parties filed further briefs addressing the Magistrate Judge's Opinion and Order. After a hearing, the District Court again affirmed the decision of the Magistrate Judge that the internet postings were not "true threats" and thus were entitled to First Amendment protection. Instead of concluding that the First Amendment wholly inoculated White from sanctions, the District Court then undertook to consider whether White should nevertheless be sanctioned pursuant to the inherent authority of the Court; however, with the supposed First Amendment protection weighing heavily in the balance, the District Court declined to impose sanctions. The Tenants now appeal the decision by the District Court.

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| Issue 1: Did White's internet postings constitute "true threats" against the Tenants' counsel and his family, so as to lack protection under the First Amendment?<br><br>Issue 2: Assuming that those postings were "true threats," did the District Court err as a matter of law by treating those postings as protected under the First Amendment when it considered whether to impose sanctions on White and declined to do so?<br><br>Issue 3: Did the District Court otherwise misread the record, so as to commit clear error, when it considered whether to impose sanctions on White and declined to do so? |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: William A. White | Adverse Party: |
| Attorney: Rebecca Kim Glenberg<br>Address: ACLU of Virginia<br>Suite 1412, 701 East Franklin Street<br>Richmond, VA 23219 | Attorney:<br>Address: |
| E-mail: rglenberg@acluva.org | E-mail: |
| Phone: 804-644-8080 | Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party: | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Annette Reddick | Name: Tasha Reddick |
| Attorney: William H. Hurd & Stephen C. Piepgrass<br>Address: Troutman Sanders LLP, 1001 Haxall Pt., P.O. Box 1122, Richmond, VA 23229; Anthony F. Troy, Eckert Seamans, 707 E. Main St., Ste. 1450, Richmond VA 23219 | Attorney: same<br>Address: |
| E-mail: william.hurd@troutmansanders.com | E-mail: |
| Phone: 804-697-1200 | Phone: |

| **Appellant (continued)** ||
|---|---|
| Name: Arlene Carter | Name: Tiese Mitchell |
| Attorney: same<br>Address: | Attorney: same<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

**Signature:** /s/ Stephen C. Piepgrass         **Date:** 11/14/2013

**Counsel for:** Appellants

**Certificate of Service**: I certify that on 11/14/2013 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

Rebecca Kim Glenberg
ACLU of Virginia
Suite 1412, 701 East Franklin Street
Richmond, VA 23219

Counsel for Appellee William A. White

Signature: /s/ Stephen C. Piepgrass         Date: 11/14/2013

**Appellants** (continued)

Crystal Lewis

Counsel:  Same


R.C.

Counsel:  Same


J.J.

Counsel:  Same


J.M.

Counsel:  Same


J.M.

Counsel:  Same


Z.C.

Counsel:  Same